**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

**THERESA POLEZCEK ON BEHALF OF HER MINOR CHILDREN, R.P. AND C.W., and TATIANNA BURISE**

**versus**

**GERALD STICKER, SHERIFF OF TANGIPAHOA PARISH, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, WARDEN JERRY MARTIN, IN HIS OFFICIAL CAPACITY, and CHIEF DEPUTY JIMMY DAVIS, IN HIS OFFICIAL CAPACITY, et al**

**CIVIL ACTION**

**NO. 2:25-cv-01490**

**SECTION H-4**

**JUDGE JANE TRICHE MILAZZO**

**MAGISTRATE KAREN WELLS ROBY**

<u>**ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL**</u>

**NOW INTO COURT**, through undersigned counsel comes Turn Key Health Clinic, LLC ("Turn Key") and sets for the following for its Answer and Affirmative Defenses in response to Plaintiffs' Complaint for Damages for Constitutional Violations, Wrongful Death and Survival Damages ("Complaint").

**I.**

The allegations of the preamble and Paragraph 1 of the Complaint are denied.

**II.**

The allegations in Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein. This Defendant demands specific proof of Plaintiffs' capacity to proceed.

**III.**

The allegations of Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein. This Defendant demands strict proof of Plaintiffs' capacity to proceed.

**IV.**

The allegations of Paragraph 4 are directed toward another defendant and require no answer of this Defendant. In the event an answer is required, the allegations of Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**V.**

The allegations of Paragraph 5 are directed toward another defendant and require no answer of this Defendant. In the event an answer is required, the allegations of Paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**VI.**

The allegations of Paragraph 6 are directed toward another defendant and require no answer of this Defendant. In the event an answer is required, the allegations of Paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**VII.**

The allegations of Paragraph 7 are directed toward another defendant and require no answer of this Defendant. In the event an answer is required, the allegations of Paragraph 7 of the Complaint are denied for lack of sufficient information to justify a belief therein.

## VIII.

The allegations of Paragraph 8 are directed toward another defendant and require no answer of this Defendant. In the event an answer is required, the allegations of Paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

## IX.

The allegations of Paragraph 9 of the Complaint are admitted only as to the status and domicile of this Defendant. Any allegations associated any Turn Key contractual obligation are governed exclusively by the terms of the contract. To the extent any allegations of Paragraph 9 are inconsistent with the terms of the applicable contract, they are denied.

## X.

The allegations of Paragraph 10 of the Complaint are denied.

## XI.

The allegations of Paragraph 11 of the Complaint are denied.

## XII.

The allegations of Paragraph 12 of the Complaint are denied.

## XIII.

The allegations of Paragraph 13 of the Complaint are denied.

## XIV.

The allegations of Paragraph 14 of the Complaint are directed toward another defendant and require no answer of this Defendant. To the extent the allegations of Paragraph 14 could be construed adversely to this Defendant, they are denied.

## XV.

The allegations of Paragraph 15 of the Complaint are directed toward another defendant and require no answer of this Defendant. To the extent the allegations of Paragraph 15 could be construed adversely to this Defendant, they are denied.

## XVI.

The allegations of Paragraph 16 of the Complaint are directed toward another defendant and require no answer of this Defendant. To the extent the allegations of Paragraph 16 could be construed adversely to this Defendant, they are denied.

## XVII.

The allegations of Paragraph 17 of the Complaint are denied.

## XVIII.

The allegations of Paragraph 18 of the Complaint are directed toward another defendant and require no answer of this Defendant. In the event the allegations of Paragraph 18 could be construed adversely to this Defendant, they are denied.

## XIX.

The allegations of Paragraph 19 of the Complaint are directed toward another defendant and require no answer of this Defendant. In the event the allegations of Paragraph 19 could be construed adversely to this Defendant, they are denied.

## XX.

The allegations of Paragraph 20 of the Complaint are denied.

## XXI.

The allegations of Paragraph 21 of the Complaint are denied.

4

## XXII.

The allegations of Paragraph 22 of the Complaint state a legal conclusion and require no answer of this Defendant.

## XXIII.

The allegations of Paragraph 23 of the Complaint are admitted only to the extent that Turn Key had a contractual relationship related to medical care in the jail. All other allegations of Paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

## XXIV.

The allegations of Paragraph 24 of the Complaint are denied.

## XXV.

The allegations of Paragraph 25 of the Complaint are denied.

## XXVI.

The allegations of Paragraph 26 of the Complaint are denied.

## XXVII.

The allegations of Paragraph 27 of the Complaint are directed toward another defendant and require no answer of this Defendant. In the event that the allegations of Paragraph 27could be construed adversely to this Defendant, they are denied.

## XXVIII.

The allegations of Paragraph 28 of the Complaint are denied.

## XXIX.

The allegations of Paragraph 29 of the Complaint are directed toward another defendant and require no answer of this Defendant. In the event the allegations of Paragraph 29 could be construed adversely to this Defendant, they are denied.

## XXX.

The allegations of Paragraph 30 of the Complaint are directed toward another defendant and require no answer of this Defendant. In the event an answer is required, the allegations of Paragraph 30 could be construed adversely to this Defendant, they are denied.

## XXXI.

The allegations of Paragraph 31 of the Complaint state a legal conclusion and are directed toward another defendant. In the event the allegations of Paragraph 31 could be construed adversely to this Defendant, they are denied.

## XXXII.

The allegations of Paragraph 32 of the Complaint are directed toward another defendant and require no answer of this Defendant. In the event the allegations of Paragraph 32 could be construed adversely to this Defendant, they are denied.

## XXXIII.

The allegations of Paragraph 33 of the Complaint are directed toward another defendant and require no answer of this Defendant. In the event the allegations of Paragraph 33 could be construed adversely to this Defendant, they are denied.

## XXXIV.

The allegations of Paragraph 34 of the Complaint are directed toward another defendant and require no answer of this Defendant. In the event the allegations of Paragraph 34 could be construed adversely to this Defendant, they are denied.

## XXXV.

The allegations of Paragraph 35 of the Complaint state a legal conclusion and require no answer of this Defendant. In the event the allegations of Paragraph 35 could be construed adversely to this Defendant, they are denied.

## XXXVI.

The allegations of Paragraph 36 are denied.

## XXXVII.

The allegations of Paragraph 37 of the Complaint are directed toward another defendant and require no answer of this Defendant. In the event the allegations of Paragraph 37 can be construed adversely to this Defendant, they are denied.

## XXXVIII.

The allegations of Paragraph 38 of the Complaint are directed toward another defendant and require no answer of this Defendant. In the event the allegations of Paragraph 38 can be construed adversely to this Defendant, they are denied.

## XXXIX.

The allegations of Paragraph 39 of the Complaint state a legal conclusion and require no answer of this Defendant. In the event an answer is required, the allegations of Paragraph 39 are denied.

## LX.

The allegations of Paragraph 40 of the Complaint state a legal conclusion and require no answer of this Defendant. In the event an answer is required, the allegations of Paragraph 40 are denied.

## LXI.

The allegations of Paragraph 41 of the Complaint state a legal conclusion and require no answer of this Defendant. In the event an answer is required, the allegations of Paragraph 41 are denied.

## LXII.

The allegations of Paragraph 42 of the Complaint state a legal conclusion and require no answer of this Defendant. In the event an answer is required, the allegations of Paragraph 42 are denied.

## LXIII.

The allegations of Paragraph 43 of the Complaint are denied.

## LXIV.

The allegations of Paragraph 44 of the Complaint are denied.

## LXV.

The allegations of Paragraph 45 of the Complaint are denied.

## LXVI.

The allegations of Plaintiffs' Prayer for Relief are denied.

**AND NOW, FURTHER ANSWERING,** this Defendant sets forth the following Affirmative Defenses in connection with the Plaintiffs' Complaint.

### XLVII.

The Complaint fails to state a claim against this Defendant upon which relief can be granted.

### XLVIII.

Any damage alleged by Plaintiffs was caused or contributed to by Plaintiffs and/or decedent's fault and any recovery should be precluded.

### XLIX.

Any damage alleged by Plaintiffs was caused or contributed to by the fault, negligence or want of due care, breach of contract, express or implied, of other persons, businesses, entities or corporations for whom this Defendant is not legally responsible.

### L.

In the alternative, if it is found that damages complained of were caused or contributed to by the fault of this defendant, which is specifically denied, defendant pleads the comparative fault of plaintiffs and/or decedent and/or other persons, businesses, entities, or corporations for whom this defendant is not legally responsible, and this defendant is entitled to have any reward or recovery due plaintiffs mitigated or reduced accordingly.

### LI.

Defendant pleads all benefits and immunities afforded to it pursuant to La. R.S. 15:703 for acts made within the course and scope of its contractual relationship.

**LII.**

Defendant pleads all benefits and immunities afforded to it pursuant to La. R.S. 13:5106, expressly including, but in no way limited to the statutory limitation of damages contained therein.

**LIII.**

Defendant further pleads that if a plaintiff is entitled to any recovery, which this Defendant specifically denies, the costs and interest awarded will be fixed pursuant to La. R.S. 13:5112.

**LIV.**

Defendant further pleads that no claim is available to Plaintiffs for the alleged violation of Civil Rights of Plaintiffs as all Policies, Procedures and Protocols put in place were appropriate.

**LV.**

Defendant further pleads all available defenses of sovereign, absolute, and/or qualified immunity under Louisiana or Federal law.

**LVI.**

Plaintiffs have failed to mitigate any and all damages claims are due and as a result any recovery shall be reduced or limited accordingly.

**LVII.**

Plaintiffs are not entitled to recover attorneys' fees or punitive damages.

**LVIII.**

The Court is without jurisdiction in this matter, as there is no diversity of citizenship, and the amount of controversy exclusive of interests and costs does not exceed the sum and value of $75,000.00.

**LIX.**

The Complaint fails to state a proper claim of relief under the Constitution of the United States or any United States statute.

**LX.**

Any actions taken by Defendant were in good faith and met the applicable standard of medical care in the correctional environment.

**LXI.**

Defendant's actions were reasonable, justified, and legally permissible under the circumstances.

**LXII.**

To the extent applicable, Defendant pleads any or all statutory limitations of liability that may apply as a contractor with a political subdivision of the State of Louisiana in anyway related to any participation it may have had in policy making or discretionary acts decisions, including but not limited to immunity pursuant to La. R.S. 9:2798.1.

**LXIII.**

Plaintiffs failed to exhaust the available administrative remedies as required by 42 U.S.C. §1997 and/or Louisiana state law.

**LXIV.**

Plaintiffs cannot establish that Defendant acted with deliberate indifference to a serious medical need as required under the Eighth and Fourteenth Amendments for this 42 U.S.C. §1983 claim to be viable.

## LXV.

To the extent applicable, Defendant pleads any or all statutory limitations of liability that may apply as a contractor with a political subdivision of the State of Louisiana, including La. R.S.9:2800, *et seq.*, and the statutory immunity set forth therein.

## LXVI.

Defendant affirmatively pleads that Plaintiffs' claims are prescribed and/or time-barred as a matter of law.

## LXVII.

This Defendant demands a trial by jury.

**WHEREFORE**, Turn Key Health Clinics, LLC prays this Answer be deemed good and sufficient and that after due proceedings are had there be judgment in its favor, dismissing all claims asserted by Plaintiffs at Plaintiffs' cost, and for any and all other just and equitable relief. This Defendant demands a trial by jury.

Respectfully Submitted,

**Carl E. Hellmers, III** (#25705)
**Ethan A. King** (#41297)
**Deutsch Kerrigan, L.L.P.**
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-4015
Email: chellmers@deutschkerrigan.com
Attorneys for Defendant, *Turn Key Health Clinics, LLC*

12

13

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have forwarded a copy of the foregoing pleading to all counsel of record by CM/ECF this 10th day of October 2025.

_____

**Carl E. Hellmers, III**